UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNELL W PRICE,<br><br>        Petitioner,<br><br>        v.<br><br>PATRICK GLEBE,<br><br>        Respondent. | CASE NO. 3:14-CV-05011-BHS-JRC<br><br>ORDER GRANTING MOTION TO LIFT STAY AND ORDER DENYING MOTION TO APPOINT COUNSEL |

The District Court referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner seeks relief from a state conviction pursuant to 28 U.S.C. § 2254.

Before the Court are petitioner's motion to lift stay (Dkt. 34) and motion to appoint counsel (Dkt. 35). Respondent has filed a response to both motions. Dkts. 36, 37.

**1. Motion to Lift Stay (Dkt. 34)**

On July 7, 2014, this habeas proceeding was stayed pending resolution of petitioner's state court proceedings. Dkt. 23. After several extensions, *see* Dkts. 27, 29, 33, petitioner filed

this motion to lift stay on January 21, 2016 stating that he had exhausted his claims in state court. Dkt. 34. Respondent does not oppose petitioner's motion to lift stay. Dkt. 36.

The Court grants petitioner's motion (Dkt. 34) and the stay of this matter is lifted. Respondent shall file an answer to the petition within 45 days of the entry of this Order. On receipt of the answer, the Clerk will note the matter for consideration on the fourth Friday after the answer is filed, petitioner may file and serve a response not later than on the Monday immediately preceding the Friday appointed for consideration of the matter, and respondent may file and serve a reply brief not later than the Friday designated for consideration of the matter.

**2.  Motion to Appoint Counsel (Dkt. 35)**

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Terrovona v. Kincheloe*, 912 F.3d 1176, 1181 (9th Cir. 1990). And although the Court must appoint counsel if an evidentiary hearing is warranted, Rule 8(c) of the Rules Governing Section 2254 Cases, petitioner has not established good cause for such a hearing in this case.

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1), but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Here, petitioner has failed to establish that exceptional circumstances warrant the appointment of counsel at this time. Petitioner does demonstrate that his case presents complex

legal or factual issues or that he is likely to succeed on the merits of his habeas claim. Likewise, petitioner has made numerous arguments to the Court that suggest he is able to articulate his claims *pro se*. Accordingly, petitioner's motion to appoint counsel (Dkt. 35) is denied.

Dated this 10th day of February, 2016.

J. Richard Creatura
United States Magistrate Judge